UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FRED E. WHITE, JR. | CIVIL ACTION NO. 10-00010 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AMERICAN EDUCATION SERVICES/ PHEAA AND EDUCATION SERVICES FOUNDATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Dismiss or, in the Alternative, to Transfer Venue [Record Document 12], filed on behalf of Defendant Education Services Foundation ("ESF"). ESF requests the Court dismiss all claims against it pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Mississippi, Jackson Division. Id. Plaintiff opposes this motion. [Record Document 25].

### FACTUAL BACKGROUND

In July 2004, Plaintiff Fred E. White, Jr. ("Plaintiff") obtained Student Loan No. 3934511045 ("the Loan") from Education Services Foundation ("ESF") to pay for his son's college expenses at Millsaps College in Jackson, Mississippi. [Complaint ¶ 2]. On or about March 16, 2006, the Loan was transferred from EFS to American Education Services/PHEAA ("AES"). Id. at ¶ 7. According to Plaintiff, he continued to make periodic voluntary payments on the Loan based upon the information provided him at the time the loan was approved and executed. Id. at 6; Record Document 25, p. 2. However, Plaintiff received a notice of failure to pay from AES concerning a payment in the amount of

$102.35. Id. at ¶¶ 9, 12; Record Document 25, p.2. Plaintiff alleges that upon contact with AES, the Loan was placed in "verbal forbearance" and that such forbearance was retroactive to the date the Loan was transferred from EFS to AES. Id. at ¶ 10. Thereafter, Plaintiff subsequently learned that negative credit information had been placed on his credit record, showing a late payment to AES in the amount of $102.35. Id. at ¶ 12.

On December 1, 2009, Plaintiff filed a petition in the First Judicial District Court of Caddo Parish, Louisiana, requesting an order of removal of the negative credit information and to recover damages "as a result of the negative credit reporting."[1] Id. at ¶ 21(2). Plaintiff owns and operates a large construction company and claims his credit history, particularly his credit score, is extremely important for the operation of his business. Specifically, Plaintiff claims his credit score impacts the availability of credit and the costs associated therewith, such as insurance and obtaining credit accounts with vendors for materials and supplies. Id. at ¶¶ 14-15. Plaintiff alleges the only negative credit information contained on his record is the referenced late payment of $102.35, and that such information "has and continues to cause damage and harm." Id. at ¶ 19. In addition, Plaintiff alleges "Defendants actions/inactions" constitute bad faith. Id. at ¶ 20.

ESF now seeks to have all claims asserted by Plaintiff against ESF dismissed with prejudice. First, ESF contends Plaintiff has failed to state a claim against ESF upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6). Second, ESF argues this Court lacks personal jurisdiction over ESF and that the matter should be dismissed pursuant to Rule 12(b)(2), or, in the alternative, that venue should be transferred

---

[1] On January 5, 2010, Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [Record Document 1].

to the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. § 1404(a). [Record Document 12]. For the reasons discussed herein, Plaintiff's claims against EFS should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and the Court need not address the remaining arguments.

## LAW AND ANALYSIS

### I. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); see also, Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000).

### II. Plaintiff's Failure to State a Claim

Plaintiff's original petition states a claim for wrongful credit reporting. See Record Document 1. Even if there was some doubt as to whether Plaintiff's petition could be construed broadly to include additional claims (which it cannot), Plaintiff's admits in his response to ESF's motion to dismiss that the only cause of action in this case "is the reporting and subsequent refusal to remove the improper and incorrect negative credit information from Plaintiff's record." [Record Document 25, p.3].

Accepting Plaintiff's allegations as true, it appears all wrongful conduct occurred after March 16, 2006, the date on which the Loan was transferred from EFS to AES. [Complaint ¶ 7]. Specifically, Plaintiff alleges that after the loan was transferred: (1) he received notice of failure of notice to pay from AES, Id. at ¶ 9, (2) AES placed the Loan in "verbal forbearance," with such verbal forbearance being retroactive to the date the Loan was acquired by AES, Id. at ¶ 10, (3) negative credit information was placed on his record, showing late payment in the amount of $102.35, Id. at ¶ 12, and (4) the negative credit information was not removed despite Plaintiff's phone calls, letters and email communications, Id. at ¶ 17. There are simply no allegations contained in Plaintiff's petition from which the Court could draw a reasonable inference that ESF was responsible for the alleged wrongful credit reporting or could otherwise be held liable for such reporting.

Plaintiff argues in his opposition that "ESF is the party with whom Plaintiff originally contracted and the party with which arrangements were made regarding the 'interest deferred' status of the Student Loan" and that "ESF is the owner of the loan in question." [Record Document 25, p.4]. However, these allegations can be found nowhere on the face of his petition. Furthermore, even if such factual allegations are true, these facts are

irrelevant and could not be used to prove any element of Plaintiff's claim for wrongful credit reporting.

## CONCLUSION

Accordingly, having carefully reviewed Plaintiff's petition and the applicable law, and finding Plaintiff's allegations against EFS fail to satisfy the minimum pleading requirements of Rule 12(b)(6) and Twombly,

**IT IS ORDERED** that the Motion to Dismiss [Record Document 12] be and is hereby **GRANTED**, and that Plaintiff's claims against EFS be and are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE